REAL ESTATE LAW GROUP LLP
JASON L. HOFFMAN (Bar No. 179924)
3455 American River Drive, Suite C
Sacramento, California 95864
Telephone: (916) 484-2600
Facsimile: (916) 484-2601
jhoffman@relglaw.com

Attorneys for Defendant The American National Red Cross

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| STEPHEN R. DE SENA, | Case No. 2:11-CV-01715-WBS-GGH |
|---|---|
| Plaintiff, | [Sutter County Superior Court Case No. CVCS 11-1044] |
| v. | |
| AMERICAN RED CROSS OF NORTHEASTERN CALIFORNIA, AMERICAN RED CROSS a local chapter of the AMERICAN RED CROSS, THREE RIVERS CHAPTER, AMERICAN RED CROSS a local chapter of the American Red Cross Does 1 through 25, inclusive | ANSWER OF DEFENDANT THE AMERICAN NATIONAL RED CROSS |
| Defendants. | |

Defendant The American National Red Cross ("**Defendant**") hereby submits its answer to the Complaint of Plaintiff Stephen R. De Sena ("**Plaintiff**"). The American Red Cross of Northeastern California is a local operating unit or "chapter" of the American National Red Cross (also known as the American Red Cross) and as such is not a proper party to this lawsuit. All references to "Defendant" herein shall be references to the American National Red Cross.

## GENERAL ALLEGATIONS

1. Defendant admits that Plaintiff is an individual as referenced in Paragraph 1. Except as so admitted, paragraph 1 contains procedural allegations that Defendant is not required to admit or deny. Defendant denies the remaining allegations of Paragraph 1.

25538

1

ANSWER OF DEFENDANT

2. Defendant admits that the American Red Cross of Northeastern California is a local chapter of the American Red Cross, a federally chartered organization, as referenced in Paragraph 2. Defendant denies the remaining allegations of Paragraph 2.

3. Defendant denies that the Red Cross is the owner of the property located in the County of Sutter known as 2123 Onstott Road, Yuba City, California as referenced in Paragraph 3. Defendant admits that the property known as 2123 Onstott Road, Yuba City, California is located in the County of Sutter.  Defendant admits that it is the owner of 2125 East Onstott Road, Yuba City, CA 95991, and after a lot split in 2010 had also been the owner of 2115 East Onstott Road Yuba City, CA 95991 until the end of March 2011 when 2115 East Onstott Road Yuba City, CA 95991 was sold.  Except as so admitted, paragraph 3 contains procedural allegations that Defendant is not required to admit or deny.  Defendant denies the remaining allegations of Paragraph 3.

4. Paragraph 4 contains legal conclusions and arguments that do not require a response. Defendant denies the remaining allegations of Paragraph 4.

5. Paragraph 5 contains legal conclusions and arguments that do not require a response. Defendant denies the remaining allegations of Paragraph 5.

6. Paragraph 6 contains legal conclusions and arguments that do not require a response. Defendant denies the remaining allegations of Paragraph 6.

7. Defendant admits that Plaintiff and Defendant entered into a listing agreement on or about January 5, 2009 as referenced in Paragraph 7.  Defendant denies the remaining allegations of Paragraph 7.

8. Defendant denies the allegations of Paragraph 8.

9. Defendant denies the allegations of Paragraph 9.

10. Defendant denies the allegations of Paragraph 10.

11. Defendant incorporates by reference its responses to paragraphs 1 through 10 in paragraph 11.

12. Defendant denies the allegations of Paragraph 12.

13. Defendant denies the allegations of Paragraph 13.

14. Defendant incorporates by reference its responses to paragraphs 1 through 13 in paragraph 14.

15. Defendant denies the allegations of Paragraph 15.

16. Defendant incorporates by reference its responses to paragraphs 1 through 15 in paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

18. Defendant incorporates by reference its responses to paragraphs 1 through 17 in paragraph 18.

19. Defendant denies the allegations of Paragraph 19.

20. Defendant denies the allegations of Paragraph 20.

21. Defendant incorporates by reference its responses to paragraphs 1 through 20 in paragraph 21.

22. Defendant admits that the listing agreement at Section 4(E) provides that Defendant irrevocably assigns to Plaintiff compensation owed under the listing agreement from Defendant's funds and proceeds in escrow. Defendant denies the allegations of Paragraph 22 that the listing agreement was renewed and denies all remaining allegations in Paragraph 22.

23. Defendant incorporates by reference its responses to paragraphs 1 through 22 in paragraph 23.

24. Defendant lacks knowledge or information sufficient to enable it to form a belief as to the truth of the allegations of paragraph 24, and on that ground denies the allegations in Paragraph 24.

25. Defendant incorporates by reference its responses to paragraphs 1 through 24 in paragraph 25.

26. Defendant admits that it was the owner of the property, had authority to execute the listing agreement, and to convey the property. Defendant denies the allegations of Paragraph 26 that the listing agreement was renewed.

27. Defendant denies the allegations of Paragraph 27 that the listing agreement was renewed. Defendant lacks knowledge or information sufficient to enable it to form a belief as to the truth of the allegations of paragraph 27, and on that ground denies the allegations in Paragraph 27.

28. Defendant denies the allegations of Paragraph 28.

## PRAYER FOR RELIEF

1-7. Defendant denies that Plaintiff has suffered damages or is entitled to any relief.

## AFFIRMATIVE DEFENSE

As affirmative defenses to the Complaint on file herein, and each cause of action thereof, Defendant is informed and believes, and on the basis of such information and belief, alleges as set forth below.

## FIRST AFFIRMATIVE DEFENSE

As a first and separate affirmative defense to the Complaint, Defendant alleges neither said Complaint nor any or all of said causes of action allege facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

As a second and separate affirmative defense to the Complaint, Plaintiff waived any and all causes of action against Defendant.

## THIRD AFFIRMATIVE DEFENSE

As a third and separate affirmative defense to the Complaint, Defendant alleges Plaintiff's Complaint and any and all causes of action are barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

As a fourth and separate affirmative defense to the Complaint, Defendant alleges Plaintiff failed to mitigate its damages.

## FIFTH AFFIRMATIVE DEFENSE

As a fifth and separate affirmative defense to the Complaint, Defendant alleges Plaintiff's alleged damages, if any, were caused by Plaintiff's acts or failure to act on matters separate, apart and/or unrelated to an act or omission by Defendant, and Plaintiff is barred from recovery of any such damages from Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

As a sixth and separate affirmative defense to the Complaint, Defendant alleges that the Complaint and each cause of action thereof is barred by the statute of limitations, including but not limited to the provisions of California Code of Civil Procedure §§337, 338, 339, 340, 342, and 343.

**SEVENTH AFFIRMATIVE DEFENSE**

As an seventh and separate affirmative defense to the Complaint, Defendant alleges that the Complaint, and each cause of action thereof, is barred by the Doctrine of Unclean Hands.

**EIGHTH AFFIRMATIVE DEFENSE**

As an eighth and separate affirmative defense to the Complaint, Defendant alleges that the Complaint, and each cause of action thereof, is barred because Plaintiff consented to and approved all of the acts and omissions about which Plaintiff now complains.

**NINTH AFFIRMATIVE DEFENSE**

As a ninth and separate affirmative defense to the Complaint, Defendant alleges that the Complaint, and each cause of action thereof, is barred as no contract was created because its consent was obtained by fraud.

**TENTH AFFIRMATIVE DEFENSE**

As a tenth and separate affirmative defense to Plaintiff's Complaint, Defendant alleges that the agreements described in the Complaint have been the subject of oral and written novation, accord and satisfaction, modification, abandonment or mutual rescission and/or material alteration, following which Defendant has performed its part fully to the extent not prevented by Plaintiff, and that Plaintiff has failed to perform its part. Accordingly, said agreements cannot form the basis of liability of Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

As an eleventh and separate affirmative defense to the Complaint, Defendant alleges that the Complaint, and each cause of action thereof, is barred by the Statute of Frauds.

**TWELFTH AFFIRMATIVE DEFENSE**

As a twelfth and separate affirmative defense, Defendant alleges that if there presently exists or ever existed, any or all of the alleged rights, claims or obligations which Plaintiffs seeks by way of its Complaint, said claims or obligations are unenforceable by reason of mutual mistake.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As an thirteenth and separate affirmative defense to the Complaint, Defendant alleges that Plaintiff is not entitled to attorney's fees and costs because he failed to request mediation before filing this lawsuit as required under the Listing Agreement attached as Exhibit 1 to the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As an fourteenth and separate affirmative defense to Plaintiff's Complaint, Defendant alleges that Plaintiff did not perform the labor as alleged.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a fifteenth and separate affirmative defense to Plaintiff's Complaint, Defendant alleges that Plaintiff is not entitled to a lien upon proceeds and/or the property.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As a sixteenth and separate affirmative defense to Plaintiff's Complaint, Defendant alleges that Plaintiff failed to perform services with such skill, care, competence and professional standards applicable to commercial real estate brokers and agents in the community handling similar transactions.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As a seventeenth and separate affirmative defense to Plaintiff's Complaint, Defendant alleges that Plaintiff failed to satisfy all conditions under the Listing Agreement attached as Exhibit 1 to the Complaint and failed to perform all of its obligations thereunder.

//
//
//
//

**ANSWER OF DEFENDANT**

WHEREFORE, **DEFENDANT** prays for the following:

1. Plaintiff takes nothing by way of its Complaint;
2. Defendant recovers its attorney's fees and costs of suit herein; and
3. For such other and further relief as the Court deems just and proper.

Dated: June 28, 2011         **REAL ESTATE LAW GROUP LLP**

By: _____
JASON L. HOFFMAN
Attorney for Defendant The American National Red Cross

**DEFENDANT DEMANDS A JURY TRIAL.**